JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS

EDWINA SYWULAK

**DEFENDANTS**

PHILLIPS NORTH AMERICA, LLC & RESPIRONICS CALIFORNIA, LLC

**(b)** County of Residence of First Listed Plaintiff    Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    SAN DIEGO
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lane J. Schiff , Esquire
Console Mattiacci Law LLC, 1525 Locust Street, 9th Floor
Philadelphia, PA 19102 215-545-7676

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [x] 3   Federal Question *(U.S. Government Not a Party)*
- [ ] 2   U.S. Government Defendant
- [ ] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [x] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1   Original Proceeding
- [ ] 2   Removed from State Court
- [ ] 3   Remanded from Appellate Court
- [ ] 4   Reinstated or Reopened
- [ ] 5   Transferred from Another District *(specify)*
- [ ] 6   Multidistrict Litigation - Transfer
- [ ] 8   Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq. ("ADEA"); 42 U.S.C. §2000e, et seq. ("Title VII"); 43 P.S. §951, et seq. (hereinafter "PHRA")
Brief description of cause:
Plaintiff brings this action against her former employer for unlawful discrimination.

### VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

### VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
November 6, 2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Chalfont, PA 18914 _____

Address of Defendant: _____ 2271 Cosmos Court, Carlsbad, CA 92011 _____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/6/2020 _____ _____[signature]_____ _____ 314179 _____
                                        *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.**  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
      *(Please specify): _____*

**B.**  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify): _____*
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
      *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Lane J. Schiff, Esquire _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 11/6/2020 _____ _____[signature]_____ _____ 314179 _____
                                        *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| EDWINA SYWULAK | : | CIVIL ACTION |
| PLAINTIFF, | : | |
| v. | : | |
| PHILLIPS NORTH AMERICA, LLC & | : | |
| RESPIRONICS CALIFORNIA, LLA | : | NO. |
| DEFENDANTS. | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( X )

November 6, 2020

_____          _____          Plaintiff, Edwina Sywulak
**Date**                                    **Attorney-at-law**                          **Attorney for**

(215) 545-7676                          (215) 405-2964                          schiff@consolelaw.com
_____          _____          _____
**Telephone**                              **FAX Number**                          **E-Mail Address**

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWINA SYWULAK** | : | |
| **Chalfont, PA 18914** | : | **CIVIL ACTION NO.** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **PHILLIPS NORTH AMERICA, LLC &** | : | |
| **RESPIRONICS CALIFORNIA, LLC** | : | |
| **2271 Cosmos Court** | : | |
| **Carlsbad, CA 92011** | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## CIVIL ACTION COMPLAINT

### I.    INTRODUCTION

Plaintiff, Edwina Sywulak, brings this action against her former employers, Philips North America LLC and Respironics California, LLC, for unlawful discrimination, in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq.* ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* (hereinafter "PHRA"). Plaintiff seeks damages, including back-pay, front-pay, compensatory, punitive, liquidated, costs and attorneys' fees, and all other relief that this Court deems appropriate.

### II.    PARTIES

1.    Plaintiff, Edwina Sywulak, is an individual and a citizen of the Commonwealth of Pennsylvania.  She resides in Chalfont, Pennsylvania.

2.      Plaintiff was a fifty-three (53) year old female at the time Defendants terminated her employment.

3.      Plaintiff worked out of her home office in Pennsylvania.

4.      Defendant, Philips North America, LLC, is a limited liability company maintaining a place of business located at 2271 Cosmos Court, Carlsbad, CA 92011.

5.      Defendant, Respironics California, LLC, is a limited liability company maintaining a place of business located at 2271 Cosmos Court, Carlsbad, CA 92011.

6.      At all times material hereto, Defendants collectively constituted Plaintiff's employers under the joint and/or single employer doctrine.   Upon information and belief, Defendants shared common management, had interrelated operations, and collectively controlled Plaintiff's job duties and responsibilities.

7.      At all times material hereto, Defendants acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

8.      At all times material hereto, Defendants were an employer within the meanings of the ADEA, Title VII, and PHRA.

9.      At all times material hereto, Plaintiff was an employee within the meanings of the ADEA, Title VII, and PHRA.

## III.   <u>JURISDICTION AND VENUE</u>

10.     The causes of action that form the basis of this matter arise under the ADEA, Title VII, and PHRA.

11.     The District Court has jurisdiction over Count I (ADEA) and Count II (Title VII), pursuant to 28 U.S.C. §1331.

12.     The District Court has jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. §1367.

13.     Venue is proper in the District Court pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5.

14.     On January 14, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination alleged herein ("Charge").  Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

15.     On August 12, 2020, the EEOC issued to Plaintiff a Notice of Right to Sue. Attached hereto, incorporated herein, and marked as Exhibit "B" is a true and correct copy of this notice (with minor redactions for purposes of electronic filing of confidential/identifying information).

16.     Plaintiff is filing this complaint within ninety (90) days from her receipt of this notice.

17.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.     <u>FACTUAL ALLEGATIONS</u>

18.     Plaintiff was employed by Defendants from in or about March 2006 until November 30, 2018.

19.     Plaintiff held the position of Senior Clinical Marketing Manager.   She consistently performed her job duties in a highly competent manner and received positive feedback.

20.     In or about July 2017, Plaintiff began reporting to Charles Schmidt, Director of Product Marketing.

21.     Schmidt treated female and/or older employees, including Plaintiff, in a more hostile and dismissive manner than he treated male and/or younger employees.

22.     Schmidt postponed, showed up late to, and/or did not show up at all for scheduled meetings with Plaintiff.

23.     Schmidt changed his expectations and requirements for Plaintiff's projects and assignments, requiring Plaintiff to redo tasks that she had already completed according to his prior instructions.

24.     Plaintiff was excluded from work meetings and social events, unlike male and/or younger employees.

25.     In or about 2017, without explanation, Defendants took away Plaintiff's responsibilities for a significant project and assigned them to a younger, less qualified male employee.

26.     In or about June 2018, Plaintiff also began reporting to Diane Cempellin, Director of Clinical Marketing.  Plaintiff continued to have a reporting relationship to Schmidt.

27.     On or about August 6, 2018, Plaintiff received an unjustified negative mid-year performance review.

28.     This was the first negative review that Plaintiff had ever received.

29.     On or about September 7, 2018, Defendants placed Plaintiff on a Performance Improvement Plan ("PIP").  The PIP unjustly criticized Plaintiff's performance.

30.     On or about September 19, 2018, Plaintiff applied for the Market Manager position.  Plaintiff was qualified for this position.

4

31.     On or about September 30, 2018, Defendants notified Plaintiff that her PIP was scheduled to end on November 16, 2018, and her employment would be terminated if she did not find another position with Defendants.

32.     On or about October 19, 2018, Defendants failed to hire Plaintiff for the Market Manager position.  The stated reason was there were too many good candidates.

33.     Defendants instead hired Emily Miller (approximate age 30) for the Market Manager Position.

34.     On November 15, 2018, Defendants informed Plaintiff that they were moving her planned exit date to November 30, 2018.

35.     On November 30, 2018, Defendants' terminated Plaintiff's employment.

36.     Defendants' articulated reason was performance.

37.     Defendants' articulated reason is a pretext.

38.     Defendants assigned Plaintiff job duties and responsibilities to a significantly younger and less qualified male employee, Joshua Cosa (35).

39.     Defendants have a pattern and practice of discriminating against older and/or female employees.

40.     In the months preceding Plaintiff's termination, three (3) employees over the age of fifty (50), two (2) of whom were women, received negative performance feedback and subsequently resigned from Plaintiff's organization.

41.     During that same time, Defendants hired four (4) employees in Plaintiff's organization, all of whom were men and two (2) of whom were under the age of forty (40).

42.     Plaintiff's age (53) was a determinative and motivating factor in the discriminatory treatment to which she was subjected, including without limitation, being placed on a PIP, terminating her employment, and failing to hire her into the Market Manager Position.

43.     Plaintiff's sex (female) was a determinative and motivating factor in the discriminatory treatment to which she was subjected, including without limitation, being placed on a PIP and terminating her employment.

44.     Plaintiff's combination of age and sex was a determinative and motivating factor in the discriminatory treatment to which she was subjected, including without limitation, being placed on a PIP, terminating her employment, and failing to hire her into the Market Manager Position.

45.     Defendants failed to prevent or address the discriminatory conduct referred to herein and further failed to take corrective and/or remedial measures to make the workplace free of discriminatory conduct.

46.     Plaintiff was subjected to severe and/or pervasive conduct that interfered with her ability to perform his job duties and was not welcomed by Plaintiff, thereby creating a hostile work environment.

47.     The conduct to which Plaintiff was subjected was so severe and/or pervasive that a reasonable person in Plaintiff's position would find the work environment to be hostile and/or abusive.

48.     As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures.

49.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the unlawful behavior complained of herein unless and until this Court grants the relief requested herein.

## COUNT I - ADEA

50.     Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

51.     By committing the foregoing acts of discrimination and harassment against Plaintiff, Defendants violated the ADEA.

52.     Defendants' violations of the ADEA were intentional and willful under the circumstances, warranting the imposition of liquidated damages.

53.     As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the injuries, damages, and losses set forth herein.

54.     Plaintiff has incurred and is entitled to all costs and reasonable attorneys' fees incurred as a result of the unlawful behavior complained of herein.

55.     No previous application has been made for the relief requested herein.

## COUNT II – Title VII

56.     Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

57.     By committing the foregoing acts of discrimination and harassment against Plaintiff, Defendants violated Title VII.

58.     Defendants acted with malice or a reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

59.     As a direct and proximate result of Defendants' violations of Title VII, Plaintiff has suffered the injuries, damages, and losses set forth herein.

60. Plaintiff has incurred and is entitled to all costs and reasonable attorneys' fees incurred as a result of the unlawful behavior complained of herein.

61. No previous application has been made for the relief requested herein.

## COUNT III – PHRA

62. Plaintiff incorporates herein by reference the paragraphs above, as if set forth at length herein.

63. By committing the foregoing acts of discrimination and harassment against Plaintiff, Defendants violated the PHRA.

64. As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein.

65. Plaintiff has incurred and is entitled to all costs and reasonable attorneys' fees incurred as a result of the unlawful behavior complained of herein.

66. No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

a. declaring the acts and practices complained of herein to be a violation of the ADEA;

b. declaring the acts and practices complained of herein to be a violation of the Title VII;

c. declaring the acts and practices complained of herein to be in violation of the PHRA;

8

d.      enjoining and restraining permanently the violations alleged herein;

e.      awarding Plaintiff back-pay;

f.      awarding Plaintiff front-pay;

g.      awarding interest;

h.      awarding compensatory damages to Plaintiff for past and future emotional upset and pain and suffering;

i.      awarding liquidated damages;

j.      awarding punitive damages;

k.      awarding Plaintiff the costs of this action, together with reasonable attorneys' fees;

l.      awarding Plaintiff such other damages as are appropriate under the, ADEA, Title VII, and PHRA; and

m.      granting such other and further relief as this Court deems appropriate.

**CONSOLE MATTIACCI LAW, LLC**

Date: November 6, 2020          By: _____
                                    STEPHEN G. CONSOLE
                                    LANE J. SCHIFF
                                    1525 Locust Street
                                    Philadelphia, PA 19102
                                    (215) 545-7676
                                    (856) 545-8211 (fax)

                                    Attorneys for Plaintiff,
                                    Edwina Sywulak

9

# EXHIBIT A

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## COMPLAINT

| | |
|---|---|
| COMPLAINANT: | : |
| | : |
| **EDWINA SYWULAK** | :          Docket No. |
| | : |
| v. | : |
| | : |
| RESPONDENTS: | : |
| | : |
| **PHILIPS NORTH AMERICA LLC** | : |
| | : |
| and | : |
| | : |
| **RESPIRONICS CALIFORNIA INC.** | : |
| | : |

Received

JAN 1 4 2019

PA Human Relations Commission
Philadelphia Regional Office

1.  The Complainant herein is:

    Name:      Edwina Sywulak

    Address:   REDACTED
               Chalfont, PA 18914

2.  The Respondents herein are:

    Names:     Philips North America LLC; Respironics California Inc.

    Address:   2271 Cosmos Court
               Carlsbad, CA 92011

3.  I, Edwina Sywulak, the Complainant herein, allege that I was subjected to unlawful

discrimination because of my sex (female), my age (53), and the combination of my sex and my

age ("sex/age"), as set forth below:

**Discrimination**

  **A.  I specifically allege:**

[1]       I was hired by Respondents in or about March 2006.  I had over twelve (12) years of service at Respondents.  I consistently performed my job duties in a highly competent manner, and received positive feedback.

[2]       I last held the position of Senior Clinical Marketing Manager.

[3]       I worked out of my home office in Pennsylvania.

[4]       I last reported to Charles Schmidt (male, 50), Director of Product Marketing, and Diane Cempellin (female, 56), Director of Clinical Marketing.  Schmidt (male, 50) and Cempellin (female, 56) reported to James Alwyn (male, 57), General Manager, Business Lead Hospital Respiratory Care.

[5]       In or about July 2017, I began reporting to Schmidt (male, 50).

[6]       The employees that reported to Schmidt (male, 50), in addition to me, in positions that I was qualified to perform at the time of my termination included the following:

    a.  Blake Byrne (male, 30), Senior Product Manager;

    b.  Joshua Cosa (male, 35), Clinical Education Manager;

    c.  Jeffrey Huang (male, 37), Senior Product Manager;

    d.  Allen O'Connell (male, 38), Senior Product Manager;

    e.  Anil Thapa (male, 42), Senior Product Manager;

    f.  Joshua Potratz (male, 46), Senior Product Manager;

    g.  Dinesh Haryadi (male, 49), Site Marketing Manager;

    h.  Anders Reifeldt (male, 51), Business Marketing Manager; and

    i.  Sharona Ghazy (female, 60), Senior Marketing Manager.

[7]      Schmidt (male, 50) treated female and/or older employees, including me, in a more hostile and dismissive manner than he treated male and/or younger employees.

[8]      Schmidt (male, 50) regularly postponed, showed up late to, and/or did not show up at all for scheduled meetings with me.

[9]      Schmidt (male, 50) regularly changed his expectations and requirements for my projects and assignments, requiring me to redo tasks I had already completed according to his prior instructions.

[10]      I was excluded from work meetings and social events, unlike male and/or younger employees.

[11]      In or about September 2017, without explanation, Respondents took away my responsibilities for a significant project and assigned them to Cosa (male, 35).

[12]      My responsibilities for a top project were removed and assigned to a substantially younger male employee because of my sex and/or age and/or sex/age.

[13]      In or about May 2018, Packy Spahi (female, 47), Clinical Education Manager, resigned from Respondents.  Spahi (female, 47) had reported to Schmidt (male, 50). Spahi (female, 47) received a negative performance review and had been placed on a Performance Improvement Plan ("PIP") by Schmidt (male, 50).  Schmidt (male, 50) had refused to provide support or guidance to Spahi (female, 47).

[14]      In or about May 2018, Michael Pietrenka (male, 67), Senior Product Manager, resigned from Respondents.  Pietrenka (male, 67) had reported to Schmidt (male, 50). Pietrenka (male, 67) had been criticized for his performance and received a negative performance review by Schmidt (male, 50).

[15]      In or about May 2018, Respondent hired Byrne (male, 30).

[16]     In or about June 2018, I began also reporting to Cempellin (female, 56).

[17]     In or about July 2018, Respondent transferred Potratz (male, 46) into the position that Pietrenka (male, 67) had been held.  I was qualified for this position.

[18]     In or about July 2018, Respondent hired O'Donnell (male, 50).

[19]     In or about July 2018, Schmidt (male, 50) provided guidance and direction to a project assigned to Byrne (male, 30), Cosa (male, 35), and Reifeldt (male, 51), and provided little guidance and direction to a project assigned to Elizabeth Hurley (female, 58), Senior Product Manager, and me (female, 53).

[20]     On or about July 22, 2018, Hurley's and my project was criticized and dismissed, while the younger, male employees' project was praised and accepted.

[21]     On July 27 and 28, 2018, in a phone call and email from Schmidt (male, 50), Respondents unjustly criticized my performance.

[22]     Respondents criticized my performance because of my sex and/or age and/or sex/age.

[23]     Hurley (female, 58) and I discussed that we believed we were both being targeted by Schmidt (male, 50).

[24]     In or about early August 2018, Hurley (female, 58) resigned from Respondents.  Hurley (female, 58) had reported to Schmidt (male, 50).  Hurley (female, 58) received a negative mid-year performance review from Schmidt (male, 50), which included an impending PIP.

[25]     On August 6, 2018, I received a negative mid-year performance review. Schmidt (male, 50) falsely stated that I made no effort all year, that I did subpar work, and that I

did not deserve my title as Senior Clinical Marketing Manager. My performance did not warrant a negative mid-year performance review.

[26]     Respondents gave me a negative mid-year performance review and made false statements about me because of my sex and/or age and/or sex/age.

[27]     On September 7, 2018, Respondents placed me on a PIP. My performance did not warrant a PIP. The PIP document unjustly criticized my performance, and included objectives that were unfeasible in the timeframe provided.

[28]     Respondents placed me on PIP because of my sex and/or age and/or sex/age.

[29]     On or about September 19, 2018, I applied for the open Market Manager position at Respondents. I was qualified for the position.

[30]     On September 30, 2018, I received an email from Bettina Thompson (female, 40), Senior Manager of Human Resources, stating that my PIP was scheduled to end on November 16, 2018, and I would be terminated from my position if I did not find another position within Respondents.

[31]     On or about October 16, 2018, I interviewed for the Market Manager position.

[32]     On October 19, 2018, Respondents failed to select me for the Market Manager position. The stated reason was that there were too many good candidates.

[33]     Respondents' stated reason for failing to select me for the position is pretext for sex and/or age and/or sex/age discrimination.

[34]     On October 19, 2018, Steven Li (male, 45), Hiring Manager, told me that he had received an unsolicited call from Schmidt (male, 50), telling Li that I had performance issues.

[35]     Instead of me, Respondents selected Emily Miller (female, 30), for the Market Manager position.  I am more qualified for the position than the substantially younger employee who was selected.

[36]     Respondents failed to select me for the Marketing Manager position because of my age and/or sex/age.

[37]     In or about November 2018, Respondent hired Thapa (male, 42).  I was qualified for this position.

[38]     In or about November 2018, Respondent hired Huang (male, 37).  I was qualified for this position.

[39]     On November 15, 2018, I received an email from Thompson (female, 40), stating that Respondents were "moving out [my] planned exit date to 11/30/18."

[40]     On November 27, 2018, I received an email from Thompson, attaching "the standard exit documents for [my] exit from [Respondents]."

[41]     On November 29, 2018, on a phone call with Thompson (female, 40), Respondents terminated my employment, effective the next day, November 30, 2018.  The stated reason was performance.

[42]     Respondents' stated reason is pretext.

[43]     Respondents terminated my employment because of my sex, age, and/or sex/age.

[44]      Respondents assigned my job duties and responsibilities to Cosa (male, 35).

[45]      I am more qualified and experienced to perform my job duties and responsibilities than the substantially younger, male employee who was retained when I was terminated and was assigned my job duties and responsibilities.

[46]      Respondents never offered me an opportunity to relocate to California to remain in my position.

[47]      Respondents subjected me to a hostile work environment based on my sex, age, and/or sex/age.

[48]      Respondents' sex and/or age and/or age/sex discriminatory conduct toward me has caused me emotional distress.

[49]      Respondents' comments and conduct evidence a bias against female and/or older employees.

**B.**  Based on the aforementioned, I allege that Respondents have discriminated against me because of my sex (female), my age (53), and my sex/age, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

4.      The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

   **X**      **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):  (a)**

   ____      Section 5.1 Subsection(s) _____

_____    Section 5.2 Subsection(s) _____

_____    Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961,

P.L. 766, as amended) Section 4 Subsection(s) _____

5.    Other action based upon the aforesaid allegations has been instituted by the

Complainant in any court or before any other commission within the Commonwealth of

Pennsylvania as follows:

   **X**    **This charge will be referred to the EEOC for the purpose of dual

filing.**

6.    The Complainant prays that Respondents be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation

    complained of herein.

## **VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

January 11, 2019
(Date Signed)

(Signature)   Edwina Sywulak
REDACTED
Chalfont, PA 18914

# EXHIBIT B

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## AMENDED NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **Edwina Sywulak** | From: | **Philadelphia District Office** |
|---|---|---|---|
| | REDACTED | | **801 Market Street** |
| | **Chalfont, PA 18914** | | **Suite 1300** |
| | | | **Philadelphia, PA 19107** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Kurt Jung,** | |
| **17F-2020-60345** | **State, Local and Tribal Program Manager** | **(267) 589-9749** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jamie R. Williamson*                                    8/12/2020

**Jamie R. Williamson,**                              *(Date Mailed)*
**District Director**

Enclosures(s)

cc:
    **Lane Schiff Esq.**
    **(Charging Party Attorney)**

    **Phillips North America LLC and Respironics**
    **California, Inc.**
    **Human Resources Manager**

cc:     *(Sent by e-mail only: schiff@consolelaw.com )*

Lane Schiff Esq.
Console Mattiacci Law
1525 Locust Street
Philadelphia, PA 19102
schiff@consolelaw.com

Human Resources Manager
Phillips North America LLC and Respironics California, Inc.
2271 Cosmos Court
Carlsbad, CA 92013

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability.   *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)),   **"major life activities"   now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

➢ **Only one** major life activity need be substantially limited.

➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.   Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*   For more information, consult the amended regulations and appendix, as well as explanatory publications, available at   http://www.eeoc.gov/laws/types/disability_regulations.cfm.